415 P.2d 313

**C. J. HAMILTON, as administrator with Will annexed of the Estate of William L. Wilson, Plaintiff-Appellant,**

**v.**

**Clinton L. MILLER, Defendant-Respondent.**

**No. 9710.**

Supreme Court of Idaho.

June 13, 1966.

C. J. Hamilton, Coeur d'Alene, for appellant.

E. L. Miller, Coeur d'Alene, for respondent.

McQUADE, Justice.

In October 1960 respondent, Clinton L. Miller, and William L. Wilson attended a Grand Lodge meeting of the Independent Order of Odd Fellows in Twin Falls, Idaho. Miller was a delegate from the local lodge in Coeur d'Alene; Wilson was a delegate from the local lodge in nearby Post Falls. Prior thereto they had known each other for approximately three months. Miller and Wilson traveled together to Twin Falls

in Miller's car with Miller driving. After arriving in Twin Falls on October 16, each attended various meetings for the next three days. On the afternoon of October 19, during free time from the meetings, Wilson suggested they make a sightseeing trip to Shoshone Falls, a local attraction near Twin Falls. On the way to the falls, Miller, who was driving, failed to stop at a stop sign and a collision resulted with another car. Wilson was killed in the accident. Wilson's widow commenced this action on the basis of ordinary negligence to recover damages for his death while a paying passenger. She subsequently died and appellant C. J. Hamilton, the administrator of Wilson's estate, was substituted as the party plaintiff. The trial court granted summary judgment in defendant's favor, finding no genuine issues of material fact and that, as a matter of law, a host-guest relationship existed between Miller and Wilson. From that judgment the administrator appeals.

I.C. § 49–1401 precludes recovery by a "guest" in an automobile for injuries sustained as a result of the driver's ordinary negligence.

> "49–1401 [as in effect at that time]. Liability of motor owner to guest.—No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of the said owner or operator or caused by his intoxication or his reckless disregard of the rights of others."

The only question involved in this appeal is whether Wilson was a "guest" in Miller's automobile,[1] as was found by the trial court, or was a paying passenger as part of a joint venture, as contended by appellant.

Viewing the evidence most favorably to appellant, it appears that on the way to Twin Falls from Coeur d'Alene, after they stopped to have a flat tire repaired, Wilson paid for lunch for himself and Miller. This amounted to about $.85 each. In addition, during the trip to Twin Falls, Wilson may have paid about $4.50 on one occasion and $5.50 on another occasion for gasoline for Miller's automobile. Miller could not recall these instances but conceded that Wilson could have paid for the gas but that if he did, Miller reimbursed him. Furthermore, Miller testified that before deciding to attend the meeting in Twin Falls he stated that he would not attend unless someone would accompany him on the trip for he did not want to "drive all the way to Twin Falls and back" by himself. And, finally, Wilson and Miller had a common purpose for their trip to Twin Falls, namely, to attend the convention as delegates from their respective lodges and that important matters in relation to Odd Fellow business arose at this meeting. Appellant contends that on the basis of these facts a genuine issue of material fact was presented as to whether Wilson and Miller were on a joint venture on their trip and the trial court should not have granted defendant's motion for summary judgment.

■ The principles enunciated by this court in Riggs v. Roberts, 74 Idaho 473, 264 P.2d 698 (1953), are controlling. The trial court did not commit error in awarding summary judgment to defendant. In the *Riggs* case the court said:

> "The courts have quite uniformly held that merely paying for gas and oil or sharing the payment for gas and oil is not of itself and alone sufficient to establish passenger status. * * *

> "* * * to constitute one a passenger, not a guest, while the consideration need not be payment of money, there must be contributed by the passenger to the driver of the car something substantial and of worth to the driver, i. e., commercial, not mere courtesy. * * * In

---

1. The parties stipulated that Miller was not intoxicated at the time of the accident nor was the accident intentional upon his

part nor caused by Miller's reckless disregard of the rights of others.

other words, the driver must be actuated by a benefit of substantial value, not mere courtesy or kindness or recognition of the amenities or friendship * * * to make the rider a passenger. * * * "Furthermore, the authorities indicate there must be a mutual understanding, reasonably clear to both the rider and the driver before the trip is undertaken, that the rider's relationship to the driver is that of a passenger and not a mere guest." 74 Idaho at 478, 264 P.2d at 701.

And, the record reveals that Wilson and Miller were not on a joint venture nor were they engaged in a "common purpose" as suggested by appellant such as would withdraw Wilson from the category of "guest."

The evidence in this case shows that Wilson was not a "passenger" but rather a guest in Miller's automobile.

The judgment is affirmed.

Costs to respondent.

McFADDEN, C. J., TAYLOR and SMITH, JJ., and CRAMER, D. J., concur.